UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP KOZLOWSKI,

    Plaintiff,

v.

WAYNE COUNTY,

    Defendant.

Case No. 16-14164
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**PRELIMINARY ORDER ON JOINT MOTION
TO ADJOURN SCHEDULING ORDER [45]**

Philip Kozlowski brings this Title VII suit against Wayne County. Kozlowski alleged a female sergeant created a hostile work environment based on sexual advances and comments. And, when Kozlowski reported the sergeant, superiors at the jail initially did nothing, only to later punish Kozlowski. So Kozlowski added claims of gender-based discrimination and retaliation. The parties conducted discovery, the County moved for summary judgment, and only Kozlowski's hostile-work-environment claim survived. Following an unsuccessful mediation, the Court set the surviving claim for a jury trial, to begin on July 29, 2019.

Now, the parties jointly move to adjourn the trial date. Kozlowski's attorney says the trial conflicts with his daughters' swim meets and related activities as well as an intended vacation. And one of the County's attorneys thinks the trial might take three weeks and thus conflict with a prepaid vacation. So both sides want to modify the schedule.

A case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ P. 16(b)(4). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin.*

*Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citations omitted). And the Court enjoys broad discretion to enforce the scheduling order. *See Estes v. King's Daughters Med. Ctr.*, 59 F. App'x 749, 752 (6th Cir. 2003).

The stated reasons for adjourning trial are potentially manageable. Take first Plaintiff's counsel's conflicts. Trial is set to begin July 29, 2019. But counsel intends to take a vacation around that time and counsel's children have a two-day swim meet (and related activities) starting August 2, 2019. To be sure, family is very important and trial preparation will undoubtedly stand in the way of counsel's ability to be present. But the swim meet is over a Friday and a Saturday. Saturday is not a trial day and the Court could easily mitigate the conflict by not holding trial on that Friday, either. And while the court is reluctant to disrupt prepaid vacations, it does not appear that Plaintiff's counsel's potential trip falls in this category. Defense counsel also indicates there is a potential conflict with a vacation. But to the extent defense counsel has a prepaid vacation for late August, this should not need to be disrupted. The Court sees no reason this should be a three-week trial and will move it along, including imposing time limits if need be.

However, the Court need not make a ruling one way or the other at this point. That is because the Court appreciates the parties' good faith efforts at settling this case, including their expressed willingness "to meet for a settlement conference to be scheduled by the Court prior to July 29th." (ECF No. 45.) To that end, the Court will schedule another settlement conference for June 20, 2019 at 1:00pm. And depending on the result of the settlement conference, the Court will revisit whether to modify the case schedule.

SO ORDERED.

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

Date: June 10, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 10, 2019.

>s/William Barkholz
>Case Manager to
>Honorable Laurie J. Michelson